UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO ANTONIO PRIETO BASSO, | Case No.  1:26-cv-03518  (VC) |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al*., | Re: Dkt. Nos. 1, 4 |
| Respondents. | |

This habeas action concerns the detention of Petitioner Fernando Antonio Prieto Basso, a noncitizen who has lived in the United States for over four years. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner was detained without any finding of changed circumstances by a neutral decisionmakers that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order. *See* Dkt. 1, 4. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus, and resolves the motion for temporary restraining order as moot.

I.    **BACKGROUND**

Petitioner is a citizen of Cuba who entered the United States at or near Del Rio, Texas on or about March 16, 2022. Dkt. 10-4 at 1. That same day, he was encountered by a Customs and Border Patrol Agent who issued Petitioner a Notice to Appear in removal proceedings under section 240 of the Immigration and Nationality Act ("INA"), charging him with removability

under INA § 212(a)(6)(A)(i). *Id*. Though not stated expressly in the record, Petitioner seemed to have been released into the interior of the United States after this encounter as Respondents acknowledge in opposing the petition that "ICE re-detained" Petitioner. Dkt. 10 at 1. Following his release, Petitioner applied for asylum. Dkt. 1 ¶ 18. This application was denied by an Immigration Judge ("IJ") on April 17, 2026. Dkt. 10-3. Petitioner appealed that decision to the BIA on May 12, 2026, within the deadline to appeal. Dkt. 15 at 9. As such, there is no final order of removal in place. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021) (an order of removal becomes "administratively final" within the meaning of 8 U.S.C. § 1231(a)(1)(B)(i) when "the agency's review proceedings" are complete).

Petitioner was re-detained by ICE on March 23, 2026 after he was arrested for driving under the influence. *See* Dkt. 1 ¶ 23. ICE issued a warrant for this arrest on March 22, 2026 which explains that an immigration officer determined "that there was probable cause to believe that [Petitioner was] [] removable from the United States" based on the "pendency of ongoing removal proceedings against the subject[,] … biometric confirmation of the subject's identity[,]" and "statements made voluntarily by the subject to an immigration officer[.]" Dkt. 10-2. The warrant does not indicate that Petitioner's re-arrest was based on any changed circumstances, such as Petitioner being a danger to the community or that he was a flight risk.

## II.    DISCUSSION

Petitioner, proceeding pro se, filed this habeas petition and a motion for temporary restraining order on May 7, 2026, arguing that his prolonged detention without a finding that he is a flight risk or danger to the community violates due process. *See* Dkt. 1 at 16–17. Respondents argue that Petitioner's "[d]etention is mandatory under 8 U.S.C. § 1225(b)" because "Petitioner is an 'applicant for admission[.]'" Dkt. 10 at 1–2. They further argue that because § 1225(b) "is the sole source of constitutional rights in the case of arriving aliens, and the statute here provides for mandatory detention" the government committed no constitutional violations when it chose to terminate Petitioner's "period of release" following an encounter with law enforcement." *Id*. at 3.

2

A.     **Detention Authority**

Respondents' argument has been widely rejected across this circuit, and indeed, throughout the United States. *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *4–11 (6th Cir. May 11, 2026); *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *4–9 (2d Cir. Apr. 28, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250, at *21 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026); *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1304 (W.D. Wash. Sept. 30, 2025); *Menjivar Sanchez v. Wofford,* No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3–7 (E.D. Cal. Oct. 17, 2025) (collecting cases); *Shoimov v. Chestnut*, No. 1:25-CV-1603 CSK, 2026 WL 35624, at *4 (E.D. Cal. Jan. 6, 2026); *Singh v. Bondi et al.*, No. 1:26-CV-0396 DC CSK P, 2026 WL 469169, at *3 (E.D. Cal. Feb. 19, 2026); *Sharan S. v. Chestnut*, No. 1:25-cv-01427-KESSKO (HC), 2025 WL 3167826, at *5 (E.D.Cal. Nov. 12, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *3 (N.D. Cal. Aug. 21, 2025). Applying § 1225(b) to non-citizens like Petitioner who are re-detained within the interior of the United States "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. Sept. 23, 2025) (collecting cases). As Petitioner was previously released by Respondents, and then re-arrested in the interior of the United States, the Court finds that § 1225(b) is inapplicable, and his detention under that statute is unlawful.

Further, Petitioner's single DUI arrest does not justify application of Section 1225. Respondents do not point to any portions of the statute or case law that supports the Government's position that a DUI arrest triggers the mandatory detention framework under Section 1225. Courts within this district are in accord. *Llanes Tellez v. Bondi*, No. 25-CV-08982-PCP, 2025 WL 3677937, at *4 (N.D. Cal. Dec. 18, 2025); *Dicxon Jose P.C v. Warden,*

3

*California City Det. Facility*, No. 1:26-CV-02658-TLN-CSK, 2026 WL 1045516, at *3 (E.D. Cal. Apr. 17, 2026).[1]

Given Respondents' failure to articulate a lawful basis for Petitioner's detention, the Court next turns to his due process claim.

## B.      Due Process

Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### 1.      Liberty Interest

Though neither party has specified exactly what Petitioner's custody status was between the time of his release on March 16, 2022 to the date of his detention on March 23, 2026, Respondents have indicated that this is a case involving re-detention. *See* Dkt. 10 at 1, 3 (noting that "ICE re-detained Petitioner" and that Petitioner had his "Period of release terminated"). Given that Petitioner was released into the interior of the United States—and the fact that Respondents have only argued that § 1225(a) controls detention—the court need not determine precisely what statute applies here because Petitioner has a protected liberty interest in his continued release. *See Enriquez Escarcega v. Warden of the Golden State Annex Facility*, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026) (noting that the court "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"); *Cajina v.*

---

[1] The government does not argue in its opposition to the habeas petition that the conduct Petitioner engaged in that resulted in his recent arrest constitutes changed circumstances rendering him a danger to the community or a flight risk, justifying his re-detention under section 1226. If the government had made an evidentiary presentation on this issue, that might well have resulted in a different outcome.

*Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at \*3 (E.D. Cal. Nov. 21, 2025) (same).

### 2.    *Mathews* **Factors**

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over four years. After his release, Petitioner was able to develop ties in the community as his removal proceedings progressed. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at \*5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Sharan*, 2025 WL 3167826, at \*8 (E.D. Cal. Nov. 12, 2025) ("Under section 1226(a), petitioner would be entitled to a bond hearing, and any custody redetermination would have to be based on whether petitioner is 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.'") (quoting *In re Guerra*, 24

5

I. & N. Dec. 37, 40 (BIA 2006)). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. And though an immigration officer issued a warrant before his arrest, the warrant on its face does not identify any changed circumstances. The sole basis justifying arrest was that Petitioner was in removal proceedings—something that the government has known since it issued the Notice to Appear on March 16, 2022 and released Petitioner into the United States. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified based on changed circumstances, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

In light of the fact that Respondents failed to make any showing of changed circumstances before re-detaining Petitioner, he is entitled to release.

## III.    CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED.  IT IS HEREBY ORDERED that:

1.    Respondents immediately release Petitioner Fernando Antonio Prieto Basso (A240-212-615) from their custody.

2.    Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.    If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral

6

arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4.      The Clerk of the Court is directed to close this case and enter judgment for Petitioner.


        **IT IS SO ORDERED.**

Dated: June 4, 2026

_____

VINCE CHHABRIA
United States District Judge